Matthew HICKMAN, Plaintiff–Appellant,

v.

SUMMIT LOGISTICS, INC., a Delaware corporation, General Teamsters Local 439, Does 1 through 100, Defendants–Appellees.

No. 00–15487.

D.C. No. CV–98–02301–LKK/JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Jan. 9, 2002.

Before BEEZER, TROTT, and TALLMAN, Circuit Judges.

MEMORANDUM *

Plaintiff Matthew Hickman appeals a grant of summary judgment in favor of defendants and the denial of his motion for reconsideration. Hickman's complaint alleges a hybrid Labor Management Relations Act § 301/National Labor Relations Act fair representation cause of action. We have jurisdiction, 28 U.S.C. § 1291,[1] and we affirm.

1. The fictitious "Doe" defendants named by the complaint were never formally dismissed. Nevertheless, the order granting summary judgment in favor of all served defendants and closing the case is final and appealable.

We review orders granting summary judgment de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We review the interpretation of collective bargaining agreements de novo. *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 719 (9th Cir.1999). We review denials of motions for reconsideration for abuse of discretion. *Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 987 (9th Cir.1999).

## II

The claimed basis for Hickman's discharge was "severe misconduct." "[S]evere misconduct" discharges do not require application of the procedural protections appropriate for "just cause" discharges under the collective bargaining agreement. "*[I]mmediate* discharge" (emphasis added) is permitted for such misconduct. Hickman's act of misconduct, his second such act involving Summit's sole customer, qualified as "severe misconduct." Hickman's discharge did not violate the agreement.

Further, Hickman has not shown prejudice from any claimed procedural irregularity. Summit conducted a facially reasonable investigation by interviewing witnesses and soliciting Hickman's version of what happened. The grievance procedure provided for review by the Board of Adjustment. The Board heard testimony, including Hickman's denial of the reported misconduct, and upheld Summit's finding of severe misconduct. Board members testified that they simply did not find Hickman's version of events to be credible. Hickman does not question the Board's rectitude.

*Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1533 (9th Cir.1989).

## III

The decision of the Board, half of whom were union members, was unanimous. Hickman has not shown that the conduct of the union in representing him throughout the grievance process was arbitrary, discriminatory or in bad faith.

AFFIRMED.[2]

**2.** Defendant General Teamsters Local 439's request for Rule 38 sanctions is DENIED.